*365 OPINION of the Court, by
Ch. J. Boyle
— On f|e 24th of February 18Q6, William Tyree and John Jordan entered into articles, whereby the former agreed to sell to the latter a lot in Lexington ; ■ and the latter, in consideration thereof agreed to sell to the former two lots in Standford, which he claimed under William Henderson or his representatives ; and also to pay the sum of 800 dollars, in sundry payments',' the last of which was to be made oh the 1st of January 1808. Tyree was to convey to Jordan when Jordan conveyed to him, and Jordan stipulated to convey to Tyree whenever Tvree should convey to him ; but no time was ap-pointeerwhen either conveyance should be made. Jordan *366 afterwards sold the lot in Lexington to Williams, who on the 4th of March 1809 filed his bill in chancery to compel the specific execution of the contract, making Jordan, Tyree, and Mason, who had purchased from 1 yree his interest in the contract with Jordan, and Wallace, who set up a claim to one of the lots in Stand-^or£^ ^7 virtue of a purchase under an execution-against Jordan, defendants. The court below decreed the spe-cific execution oí the contract, to reverse which decree this writ of error is prosecuted. *
tonfideiSf ,«ís%of efleme ,⅛ a contraít, and equity Wifi ft ípsci-ftcexecution at'■ iter the time fti. l«n'fufcred m «lapfe vrithout jjerformance or ca per-»l%. vmlefs thert has been eulpable ncgii-geuce oi wiituf delay on the partofhimwho ais» perform-
each party tad been * pur Su«.poireffi.on, “* tlme «ifhoue* , eon-«janee made Ssdafobjeaion **’
Although the complain&nr k?ekmg %2c¡ffc, execution, had fche íegat ⅛1⅛⅛⅜ C> as priora* on his - gftit at the fí. Üng of the. bill* • jfet ⅛ fcte fcefore'th&de* rree fe k &&. «snr.
.• If {imparty F* autassfiifedr i'or ,felcind cni •-‘ — ~— fers by letter ¾ price, the pro-* perfry being ex* pot'ed to faie’no other perfoti bids as rnucb^ and the proper-» ty is afterwards conveyed according to the offer by letter, the property may b# Í2Íd to be iold at auc. tion, and direg* tion of a tefta, tor to have his property fold at auétion is Tub* fiantially com* plied with.
*366 ‘ Several objections are made to the propriety of the decree. The first we shall notice is founded upon Wal^ce>,$ claim to one of the lots in Standford. This ob-jection is certainly entitled to very little weight. It does not appear that at the time of the hale under the e3[ecusjon Jordan had the legal title to the lot in ques-. - ‘ . , , ,, , ⅞ ’ ílon 1 and it is clear according to the repeated(a) deci-sions of this court, that a mere equitable title cannot be. soj(j uncier execution. Besides, it does not appear that , ,» * , , 'r , Wallace ever attempted to acquire the possession ot the lot, or that he even- had obtained a conveyance therefor ^lnm ⅛⅜ sheriff; and finally, before the hearing of this, cause lie relinquished and disclaimed all his title or in-terest in the lot, having his debt on Jordan otherwise satisfied or secured.
. ..... A second objection is founded upon the circumstance that subsequent to the time of entering into the contract trilh Tyree, Jordan became insolvent.. In point of fact this is admitted tq be true, and it is obvious that a war-~ - i ] insolvency of Jordan, i( n® responsible person were re-ettired to join him in the warranty, would be a sttffici-eut ohjectiofi1 to prevent the specific execution of the ranty from Jor<^^ alone would be less beneficial to the jainee than at the time of the contract he had a right |bspect; but the decree of the' court below in this, ⅜⅜⅜⅛ requires^ as a previous condition upon which the lot% Lexington is. to be conveyed, that a person t®> whose solvency there is no objection, shall join in the warranty. Without, therefore, deciding whether the contract,. it is plain that the force of the objection is de** strhyed by the requisition of such a security.
The third objection which demands the attention of the court is founded upon the delay in the execution of the contract on the part of Jordan;"* w ■
A feme exe. cutrix may ex. ecute an autho* rity without her husband, &her deed as erecu* trix for land devifed to be fold is valid» although file i* not privily exa. mined.
Where a time is fixed for the performance of a contract, it is at law considered to be of the essence of the contract; but unless the parties have expressly stipulated that it shall be so, it is otherwise considered in a court of equity, and its execution will be decreed notwithstanding the tinte has elapsed for its performance,(a) unless there has been a culpable negligence or a wilful delay on the part of him who is seeking the aid of a court of equity. ^But where there is no time appointed for the performance of an agreement, as in this case, cither party may even at law have a remedy at any period within the time prescribed by the statute of limitations, provided he shews himself ready to perforin the agreement on his part. A fortiori will a court of equity extend its aid in such a tase. But there is the less reason for sustaining the objection in this case, since it appears that each party was put into the peaceable possession of the property for which he had contracted, and for aught that appears to the contrary has continued so ever since. It is true that at the time of filing the bill Jordan had not obtained a conveyance for one of the lots in Standford ; but it was afterwards, on the 25th of August next after the bill was filed, conveyed by the trustees of the town of Standford to the complainant Williams ; and the .defendant Mason in his answer to the original bill, which was in fact filed subsequent to the date of the conveyance to Williams, admits his willingness to convey the Lexington lut upon the execution of the contract on the part of Jordan : nor was there any objection made on the scored of adelay, until the fact of the conveyance to Willi&ms was disclosed in a supplemental bill. I# is apparent,' therefore, tab the objection is disingenuous, and having oncé waived it, the defendant could have no right afterwards to insist upon it.
The fourth and last objection we shall notice questions the sufficiency of Jordan’s title to one of the lots in Standford. This lot was conveyed to Jordan by Samuel Baird and Mary M. Bell, surviving executor and executrix of William Henderson deceased. " Hender-ion being possessed of the legal title to this lot, made his will, by which, after devising all his real and personal estate to his wife, he directed all his possessions in the t|wn of Standford to be sold at public auction by *368 his executors ,_at twelve months credit. Thp lot in question was advertised and exposed to public sale. A few days befor'e the sale, Jordan by letter informed the executors what price he would give, and no person-having bid as much on the day of sale, the lot was after-wards conveyed to him at the price he had offered. It is admitted that Mrs. Henderson, now Mrs. Bell, had intermarried with her present husband before she executed the deed of conveyance to Jordan, and that she was at that time a feme covert.
It is contended in the first place, that Jordan’s title is defective, because the sale to him was not at public auction, as the will had directed. The object of the testator in requiring a sale at public auction, was no doubt to obtain as high a price as possible ; and as the price given for the lot by Jordan was greater than any other person was willing to give at auction, that object was f ully attained, and the intention of the testator substantially complied with. But perhaps the sale to Jordan ought in strict propriety to be denominated a sale at auction. It is not necessary that a person should be present at an auction to become a purchaser ; he may, as Jordan did in this case, make his bid by letter. As his bid was the highest, andnhe lot was in fact exposed to public sale, he may well be considered the purchaser at the sale.
But it is contended in the second place that Mrs. Bell cpuld not legally execute the conveyance without joining with her husband, and being privily examined, as the law conceruSg conveyances directs. There is no doubt that üfeinrkavert may act en auter droit without * husband. It is said if cgstiú que use had devised his wife should sell his land, and made her executrix^nd died, and she took another husband, that she might sell the land to her husband, for she did it en au-ter droit, and her husband should be in by the Revisor —-Co. Litt. Í12 a. Mr. Hargrave, in his annotation, upon this passage in Coke, says “ it is agreed in the books that a wife may without her husband execute a naked authority, whether given before or after cover-ture ; and the rule (he observes) is the same where both an interest and an authority pass to the wife, if the authority is collateral to, and doth not flow from the interest; because then the two are as unconnected as if *369 they frere vested in different persons” — Noté 6 to Go. Litt. 112 a. In this case there is no doubt that Mrs. Bell had an interest ih the lot conveyed to Jordan : for all the estate, both real and personal, was devised to her. But the interest vested in her individual right, and the authority to sell was given to her in the capacity of executrix. The latter, therefore, did not Sow from the former, but was collateral thereto ; and consequently they were as unconnected as if they bad been vested in different persons.. Upon the principles, of the common law, then, it is evident Mrs. Bell might, without her husband joining, execute the conveyance ; and it is clear that the statute concerning -conveyances can have no effect upon the case, for that statute only enables a jeme covert to convey her interest or estate by observing the requisites prescribed in cases where she could not do so before, but does not disable her from executing an authority which she might do according to the principles of the common law.
Decree affirmed with costs.

 Hancock vs Srinker, ante 150.

 Gibson vs Patterson, 1 Atk 12-Puicke vs. Curtis, 4 Bro. Ch. Rep. 329-Lloyd vs. Collet, ibid 469-1 Vez. jr. 221, 210-3 Vez. jr. 625-5 Vez jr. 818-and see Omerad vs. Hardman, 5 Vez, jr. 736.7